IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HERBERT E. MILLER,

    Plaintiff,

vs.

CITIMORTGAGE, INC., et al.,

    Defendants.

_____/

No. 2:12-cv-2697 GEB GGH PS

<u>ORDER TO SHOW CAUSE AND</u>
<u>FINDINGS & RECOMMENDATIONS</u>

      This action was referred to the undersigned pursuant to Local Rule 302(c)(21). This action was removed from state court on November 1, 2012. In the order requiring joint status report, filed November 1, 2012, plaintiff was advised of the requirement to obey federal and local rules, as well as orders of this court, and the possibility of sanctions for failure to do so. Plaintiff was specifically advised that "<u>[t]he failure to file an opposition or statement of non-opposition in accordance with Local Rule 230(c)</u> may be deemed consent to the granting of the motion and the Court <u>may dispose of the motion summarily</u>. <u>Brydges v. Lewis</u>, 18 F.3d 651, 652-53 (9th Cir. 1994)." (Dkt. no. 4, emphasis in original). Defendant CitiMortgage, Inc. filed a motion to dismiss on November 8, 2012, and re-noticed its motion on January 25, 2013. Plaintiff did not respond to either filing. By minute order on February 14, 2013, the hearing on the motion was vacated due to plaintiff's failure to file an opposition.

1

1    Although the court liberally construes the pleadings of pro se litigants, they are
2 required to adhere to the rules of court.  As set forth in the district court's order requiring status
3 report, failure to obey local rules may not only result in dismissal of the action, but "no party will
4 be entitled to be heard in opposition to a motion at oral arguments if opposition has not been
5 timely filed by that party."  E. D. Cal. L. R. 230(c).  According to the district court's specific
6 instructions on this subject, not only will a party not be entitled to be heard, but the failure to
7 oppose a motion may be construed as consent to the granting of defendant's motion, and the
8 court may dispose of it summarily.  More broadly, failure to comply with the Local Rules or "any
9 order of the court may be grounds for imposition . . . of any and all sanctions authorized by
10 statute or Rule or within the inherent power of the Court."  E. D. Cal. L. R. 110; see also E. D.
11 Cal. L. R. 183 (requiring compliance with the Local and Federal Rules by pro se litigants).

12    "Failure to follow a district court's local rules is a proper ground for dismissal."
13 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995).  The court should consider:  (1) the public's
14 interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the
15 risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their
16 merits, and (5) the availability of less drastic sanctions.  Similar considerations authorize
17 dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).  Link v. Wabash
18 R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991).
19 Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction
20 of dismissal.  See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)
21 (setting forth same factors for consideration as Ghazali).

22    The court has considered the factors set forth in Ghazali.  "[T]he key factors are
23 prejudice and availability of lesser sanctions."  Wanderer v. Johnston, 910 F.2d 652, 656 (9th
24 Cir.1990).  Defendant is clearly prejudiced by the requirement of defending an abandoned case,
25 and this court is put in the untenable position of expending limited judicial resources to decide
26 such a case on the merits.  The public's interest in expeditious resolution of litigation, the court's

need to manage its docket, and the unsuitability of a less drastic sanction, direct that defendant CitiMortgage, Inc. be dismissed.  In sum, the court now has had much experience resolving pro se cases brought for the purpose of delaying the inevitable foreclosure of one's home, with the same result on the merits, that the law does not provide a remedy for this unfortunate situation.

ORDER TO SHOW CAUSE

There is no record that defendant Republic Mortgage Home Loans, LLC ("Republic") has been served with the complaint.  (Dkt. no. 1.)  Pursuant to Federal Rule of Civil Procedure 4(m), the court may dismiss an action where service of summons is not made within 120 days after the filing of the complaint.  This action was filed on September 27, 2012 in state court, and plaintiff has not yet served defendant Republic with summons.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that: Plaintiff shall show cause, in writing, within fourteen days from the date of this order, why defendant Republic should not be dismissed for failure to comply with Federal Rule of Civil Procedure 4(m).  Failure to <u>timely</u> file the required writing will result in a recommendation that this defendant be dismissed.

Accordingly, IT IS RECOMMENDED that defendant CitiMortgage, Inc. be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The

\\\\\

\\\\\

\\\\\

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 14, 2013

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE

GGH:076/Miller2697.41.wpd